SALVATORE FICOCELLI *vs.* YELLOW CAB CO.

DECEMBER 21, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action of trespass on the case to recover for personal injuries which were sustained by the plaintiff, while he was a passenger in a taxicab owned and operated by the defendant corporation, and which he alleges were caused by negligence on the part of the defendant. He fell on the floor of the cab, as he was starting to get out of it, when it was stopped at his home to let him out. The alleged negligence on the part of the defendant, on which he relied at the jury trial in the superior court, was that it had negligently permitted the floor of the cab to be then in a dangerously slippery condition from moisture and dirt; and that there was no light in the cab as he was getting out.

At the conclusion of the evidence on both sides, the trial justice, on the motion of the defendant, directed the jury to return a verdict in its favor. The case is now before us on a bill of exceptions by the plaintiff, in which the exceptions relied on are to this direction of a verdict and to certain other rulings by the trial justice in the course of the trial.

The accident occurred not long after two o'clock in the morning of New Year's Day. The plaintiff and his wife had been attending a midnight performance at a downtown theatre in the city of Providence. When they arrived at this theatre in a taxicab of the defendant, they arranged with the driver to have a cab at the entrance at two o'clock, so that they could then be taken to their home in a residential section of the city. When the performance was over at about that hour, they found this cab in front of the theatre, close to the curb, and its driver told them that he had come for them.

The wife got in first and sat on the left side, just behind the driver. The plaintiff followed and sat beside her on her right. It had been snowing for a good many hours and was still snowing, with some rain; and all the street was white with snow. The testimony for the plaintiff

showed that there was a canopy over the sidewalk in front of the theatre entrance, extending as far as the curb, and that the sidewalk there was dry and well lighted.

The wife testified that when she got into the cab, she noticed that the floor of it was wet. She said: "It was only that some of the mud and wet of the day was tracked into the car. It was particles of snow, and it was wet here. and there." She added, a little later, that the running board "was even more wet than the inside, and the inside was not only wet, but there was snow tracked in." She testified that she would say that there was no light illuminating the inside of the cab, when she got in. She did not say that she told her husband that the floor of the cab was wet or dirty, and he did not testify that at any time he noticed any moisture or dirt or snow on it.

According to her testimony, when the cab reached their home and was stopped in front of it on the left side of the street, she got out first and there was then no light in the cab. As she was paying the fare, her husband started to follow her. Then she heard a fall and an outcry by him. She turned about and found him lying inside, with his head against the door on the right side of the cab, his right foot outside the door on the left side and his left foot "inside and sort of turned up under him." The driver, with her assistance, helped to get him upstairs in their home. His hands were black and wet; and the bottom of his coat and the bottom of his trousers were wet and dirty.

The plaintiff's testimony as to what happened after the cab was stopped in front of their home was that his wife got out first and he tried to follow. And then when asked what happened to him, he said: "My wife got out. I had my hand on the back of the seat over the cushion and on the first step I slipped and fell on the wet and dirty floor." That is all that he said at the trial about the floor being wet or dirty. He remembered that after he was

carried upstairs his hands were cold and wet and his coat and trousers were wet.

The driver of the cab testified, among other things, that there was a dome light in the rear of it, which went on when either door was opened; that it was working that night, without any trouble with it; that it was a cold night and that there was a heater going in the rear part of the cab; that he had taken charge of the cab at seven o'clock on that evening and had been busy on trips with it most of the time before he went for the plaintiff; that about ten minutes before that time, when he returned from his last previous trip, he examined the floor of the cab, as usual, and found it somewhat damp but not wet, dirty or slushy; that he examined it again a few minutes after the plaintiff fell and found it in the same condition; and that there were damp spots, which might be called foot tracks.

After considering the evidence bearing on the question of the defendant's liability, and giving full effect to all such evidence relied on by the plaintiff, and deciding all conflicts in his favor, and keeping in mind that, on the issue raised by a motion that a verdict be directed for the defendant, all reasonable inferences favorable to the plaintiff must be drawn, we have reached the conclusion that the evidence as to how and why the plaintiff fell was too indefinite, and that there was no evidence on which the jury could find, without mere conjecture, that the plaintiff's fall in the cab resulted from a dangerous condition therein which was caused by negligence on the part of the defendant. A verdict must not be based on mere conjecture. As to the matter of light, if there was no light on in the cab at the time of the plaintiff's fall, there is no evidence that this fact was the result of negligence by the defendant or that it was any part of the cause of the fall.

By reason of the evidence and our above-stated conclusion therefrom, we find that the direction of a verdict for the defendant was not erroneous.

The plaintiff relies on an exception taken by his counsel to the exclusion by the trial justice of the following question addressed to the plaintiff's wife on her direct examination: "Did the driver say anything to you, or to your husband in your presence, at the time you were lifting Mr. Ficocelli out of the cab or upstairs in your house, as to the condition of the cab or the injuries sustained by Mr. Ficocelli?" The only ground upon which the plaintiff tries to support this exception is that such a statement as was thus asked about would be admissible in evidence as a part of the *res gestae*. But the time and place of the possible statement, as described in the question, were so uncertain that it cannot be held that such a statement, if made, would be admissible on the ground above stated; and the plaintiff's counsel did not choose to make the question any more definite.

Moreover, if any such statement was made by the driver and it was inconsistent with testimony given by him in behalf of the defendant, the plaintiff's counsel, in cross-examination, could have asked the driver whether he made the statement and, if he denied making it, the plaintiff's counsel, in impeachment of the driver's testimony, could have introduced testimony of the plaintiff's wife that he had made the statement. For these reasons, we are of the opinion that the trial justice, in ruling out the above-quoted question, did not commit error prejudicial to the plaintiff.

The only other exception relied on in the brief and argument for the plaintiff is to the refusal of the trial justice to require the driver, on cross-examination, to answer the question whether, on examining the floor of the cab after the accident, he saw any foot tracks. Just before this question was asked, the driver had been asked: "Were

there any foot marks inside?" and had answered: "I couldn't say. I saw damp spots. You might call them foot tracks." and he had been asked: "Were there any that you observed?" and had answered: "I don't know how to answer that." Under the circumstances, we are of the opinion that in ruling out the further question along the same line the trial justice did not commit error prejudicial to the plaintiff. The other exceptions stated in the plaintiff's bill of exceptions must be taken to have been abandoned.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as directed.

*Max Winograd, William J. Carlos,* for plaintiff.
*Sherwood & Clifford, Raymond E. Jordan,* for defendant.